UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES D. AMMONS-LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6920 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Delores Ammons-Lewis brought this suit against her employer, Defendant Metropolitan Water Reclamation District of Greater Chicago, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and 42 U.S.C. § 1983. The District has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ammon-Lewis's ADA failure to accommodate claim in its entirety and the other claims to the extent they allege conduct falling outside the governing statutes of limitations. The motion is granted.

**Background**

The complaint's well-pleaded facts, though not its legal conclusions, are assumed true on a Rule 12(b)(6) motion. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010); *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). In evaluating a Rule 12(b)(6) motion, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject

to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The court also must consider additional facts included in the plaintiff's opposition brief, so long as those facts "are consistent with the pleadings." *Ibid*.; *see also Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). The following sets forth the facts as favorably to Ammons-Lewis as permitted by the complaint and the other materials that may be considered on a Rule 12(b)(6) motion.

Ammons-Lewis was the first African-American female Operating Engineer employed by the District. Doc. 1 at ¶ 6. The District's Operating Engineers have different job titles, including "OE-1" and "OE-2." *Id*. at ¶ 9. Ammons-Lewis became an OE-2 at some point. *Id*. at ¶ 10. OE-2s must use the District's "Foxboro" main saver computer program to write work orders for failed equipment operations, and must have a computer password to use the program. *Id*. at ¶ 11. Ammons-Lewis started requesting a computer password in 1996, but the District did not give her one until September 2011. *Id*. at ¶ 12. The District provided computer passwords without hesitation to male OE-1s and OE-2s. *Ibid*.

The District gives employees private email accounts "for receiving current notifications of training, employee benefits, [and] copies of paycheck stubs." *Id*. at ¶ 11. Employees with such accounts can more easily communicate with the District's human resources department and have the ability to communicate from home with other District employees. *Ibid*. The District did not give Ammons-Lewis a private email account until September 2011. *Id*. at ¶ 12.

From 2001 through 2011, after experiencing disabling on-the-job injuries, Ammons-Lewis was denied medical treatment and disability benefits. *Id*. at ¶ 13. The District denied Ammons Lewis vacation benefits she earned in 2003 and 2006-2011. *Id*. at ¶ 20. Ammons-Lewis's requests for FMLA benefits in 2002, 2007, and 2010 were denied as well. *Id*. at ¶ 14.

The District refused to accommodate Ammons-Lewis's disabling health condition, and she was "defamed, racially slandered, subjected to a downgrade job rating, and impugned" because she was identified as a potential witness in an ADA lawsuit. *Id*. at ¶ 22.

Ammons-Lewis filed with the EEOC two charges of discrimination against the District. On the first charge, which was filed on January 18, 2008, Ammons-Lewis checked the box for discrimination based on retaliation, and set forth this narrative:

> I was hired by Respondent on October 27, 1986. My current position is Operating Engineer. Throughout my employment, I have filed several EEOC and internal complaints of discrimination alleging disability and sex discrimination. I have been denied sick leave pay, denied vacation time, denied holiday pay, denied FMLA benefits and I have been denied the right to go through the accident report process.
>
> I believe I have been retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 1-2 at 3. Ammons-Lewis amended this charge on April 24, 2008. On the amended form, Ammons-Lewis checked the boxes for discrimination based on race, sex, and retaliation, and added this language to the narrative in the original charge: "I believe I have been discriminated against because of my race, Black, and my sex, female." *Id*. at 2.

On the second charge, which was filed on October 7, 2009, Ammons-Lewis checked the boxes for discrimination based on sex and retaliation, and set forth this narrative:

> I was hired by the Respondent on or about October 27, 1986. My current position is Operating Engineer. Throughout my employment, I have filed internal and EEOC complaints, including but not limited to [the January 18, 2008 charge], alleging disability and sex discrimination. Subsequently, I have been denied essential training, and assigned additional work duties, at the next highest level, for which I am not being compensated.
>
> I believe I have been discriminated against because of my sex, female, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 1-1 at 3. On March 29, 2010, Ammons-Lewis amended this charge by filing two forms. On one form, she added this language to the narrative in the original charge: "I believe I have been … retaliated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended." *Id*. at 2. On the other form, she checked the boxes for discrimination based on disability, sex, and retaliation, and added this sentence to the original narrative: "I also believe that I have been retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended." Doc. 22-1 at 1.

On June 28, 2011, the EEOC sent Ammons-Lewis right to sue notices for both charges. Doc. 1-1 at 1; Doc. 1-2 at 1. She filed this suit on October 1, 2011. Doc. 1.

## Discussion

### I. ADA Failure to Accommodate Claim

The District seeks dismissal of the ADA failure to accommodate claim on the ground that Ammons-Lewis failed to exhaust her administrative remedies. "Failure to exhaust administrative remedies is an affirmative defense." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Although "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses, … when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

A plaintiff in Illinois who wants to bring in federal court a claim under Title I of the ADA must first file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 12117 (ADA provision adopting the exhaustion procedures set forth in Title VII, 42 U.S.C. § 2000e-5); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the … ADA only

if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"). The plaintiff must present in the administrative charge any claim she later wants to pursue in federal court. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) ("[g]enerally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge"). This exhaustion rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved. … For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

It is beyond dispute that Ammons-Lewis's EEOC charges do not explicitly include an ADA failure to accommodate claim. "A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (internal quotation marks omitted). The dispositive question here, then, is whether the failure to accommodate claim falls within the scope of Ammons-Lewis's EEOC charges.

To answer this question, the court asks whether "there is a reasonable relationship between the allegations in the charge[s]," on the one hand, and Ammon-Lewis's failure to accommodate claim, on the other, such that the failure to accommodate claim "can reasonably [have been] expected to grow out of an EEOC investigation of the allegations in the charge[s]." *Cheek*, 31 F.3d at 500. "Claims are reasonably related if there is a factual relationship between them." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). This means that

"the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501. As the Seventh Circuit explained by way of example:

> Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship between them.

*Ibid*.

With respect to the ADA, Ammons-Lewis's EEOC charges allege only that the District retaliated against her because of her disability and because she engaged in activities protected under the ADA. The charges do not mention, or even hint at, the District's alleged failure to accommodate Ammons-Lewis's alleged disability. Under settled precedent, the retaliation allegations in the administrative charges are not like or reasonably related to the failure to accommodate claim in Ammons-Lewis's federal complaint. *See Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or reasonably related to one another.") (internal quotation marks omitted); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 897 (7th Cir. 1999) ("A claim for failure to accommodate is separate and distinct under the ADA from one of disparate treatment because of a disability."); *Kaplan v. New Trier High Sch.*, 2011 WL 2148936, at *3 (N.D. Ill. May 31, 2011) (holding that failure to accommodate claim exceeded the scope of an EEOC charge that alleged only disability discrimination); *Ulatowski v. John Sterling Corp.*, 2005 WL 88971, at *7 (N.D. Ill. Jan. 10, 2005) (holding that ADA harassment and retaliation claims "exceed the scope of [the plaintiff's] EEOC charge, which alleged only failure to

accommodate and wrongful discharge"); *Baker v. Potter*, 2005 WL 843169, at *10 (N.D. Ill. Jan. 20, 2005) ("A complaint of disparate treatment and retaliation would not naturally lead into an investigation of a failure to accommodate."). It follows that Ammons-Lewis's failure to accommodate claim was not exhausted and must be dismissed.

The dismissal is without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 n.11 (7th Cir. 1989). This principle applies to dismissals for failure to exhaust employment claims before the EEOC; such dismissals are without prejudice to the plaintiff bringing her claim to federal court upon exhausting the unexhausted claims. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Hill v. Potter*, 352 F.3d 1142, 1145-46 (7th Cir. 2003).

That said, there may be no practical distinction between a dismissal with prejudice and a dismissal without prejudice of Ammons-Lewis's unexhausted ADA failure to accommodate claim. The reason is that the 300-day window for Ammons-Lewis to file an administrative charge regarding that claim likely has expired. *See Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 n.5 (7th Cir. 2007) (a claimant must "fil[e] a charge with the Equal Employment Opportunity Commission within … 300 days in states like Illinois that do [have an equal employment opportunity agency]"). So if Ammons-Lewis files a fresh administrative charge encompassing the ADA failure to accommodate claim, and then attempts to pursue that claim in federal court, the claim likely will be dismissed with prejudice on limitation grounds, unless the

continuing violation doctrine applies or there is some basis for tolling the limitations period. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 241 (7th Cir. 2004) ("Stepney's EEOC charge, filed more than 600 days after the accrual of his claims, was untimely and that untimeliness bars the present action."); *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir. 2001) ("[t]he district court correctly found that these claims were barred by the Title VII statute of limitations" where the EEOC charge "was filed more than 300 days" after the plaintiff should have known of alleged discrimination). The discussion of course is hypothetical at this point, as Ammons-Lewis has not yet attempted to exhaust the failure to accommodate claim.

## II.     Title VII, Section 1983, and FMLA Claims

The District also moves to dismiss the Title VII, § 1983, and FMLA claims to the extent they allege conduct falling outside the limitations periods applicable under those statutes. Because a statute of limitations provides an affirmative defense, the court will dismiss claims on limitations grounds only if those grounds are clear from the complaint and other materials that may be considered on a Rule 12(b)(6) motion. *See Indep. Trust Corp.*, 665 F.3d at 936; *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

The District's limitations arguments pertain to four separate allegations of the complaint. The first allegation concerns the District's alleged failure to provide Ammons-Lewis with a computer password and email account during the fifteen years preceding September 2011:

> Plaintiff has been denied a computer password … and a private e-mail account … [and] Defendant … has failed and refused to provide such passwords to Plaintiff during the 15-year-period in which Plaintiff has requested such password, until finally Plaintiff was given a password and private e-mail account … in September, 2011.

Doc. 1 at ¶¶ 11-12.  The other allegations concern the District's alleged denial of certain benefits to Ammons-Lewis:

> Plaintiff has been denied medical treatment and disability benefits following on-the-job disabling injuries from 2001 through 2011.
>
> * * *
>
> Plaintiff has been denied benefits under the Family and Medical Leave Act ("FMLA") in 2002 and 2007 for herself.
>
> * * *
>
> Plaintiff has been denied vacation benefits earned by her and accrued in her favor for the years 2003 and 2006-2011.

*Id.* at ¶¶ 13-14, 20.

Title VII claims generally are barred by the statute of limitations if the alleged violation took place more than 300 days before the plaintiff filed an administrative charge.  *See Bilow*, 277 F.3d at 892-93.  The District seeks dismissal of Ammons-Lewis's Title VII claims to the extent they involve alleged wrongful acts that occurred prior to March 24, 2007, which is 300 days before she filed her first EEOC charge.  Section 1983 claims brought by plaintiffs injured in Illinois are governed by a two-year statute of limitations.  *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).  The District seeks dismissal of Ammons-Lewis's § 1983 claims to the extent they involve alleged wrongful acts that occurred prior to October 1, 2009, which is two years before this action was filed.  FMLA claims must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought" or, "[i]n the case of such action brought for a willful violation …, such action may be brought within 3 years." 29 U.S.C. § 2617(c).  The District seeks dismissal of Ammons-Lewis's FMLA

claims to the extent they involve alleged wrongful acts that occurred prior to October 1, 2008, which is three years before this action was filed.

By not raising it in her response brief, Ammons-Lewis has forfeited any argument she might have had under the discovery rule, which "postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured." *Smith v. Union P. R.R. Co.*, 2012 WL 1130279, at *2 (7th Cir. Apr. 5, 2012); *see also Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008) ("If the plaintiff doesn't know or have reason to know that he has been injured, the discovery rule clicks in and allows him to delay suing …."). Ammons-Lewis does contend that the portions of her Title VII, § 1983, and FMLA claims that otherwise would fall outside the governing limitations periods are saved by the continuing violation doctrine, which the Supreme Court recognized in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The doctrine applies to Title VII and § 1983 claims. *See Groesch v City of Springfield, Ill.*, 635 F.3d 1020, 1027 (7th Cir. 2011) ("although discussing the continuing violation doctrine in the Title VII context, [*Morgan*] applies equally to § 1983 cases") (internal quotation marks omitted). It is an open question whether the doctrine applies to FMLA claims, *see Brenneman v. MedCenter Health Sys.*, 366 F.3d 412, 422 n.7 (6th Cir. 2004), but the court will assume for present purposes that it does, *see Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 463 n.14 (S.D.N.Y. 2011).

*Morgan* considered "whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside th[e] statutory period." *Morgan*, 536 U.S. at 105. The Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," and that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id*. at 113. However,

the Court also held that claims based on acts falling outside the limitations period "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the [limitations] period." *Id*. at 122; *see also Lapka v. Chertoff*, 517 F.3d 974, 981-82 (7th Cir. 2008); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004).

The question here is whether the wrongful actions alleged by Ammons-Lewis that fall outside the governing limitations periods qualify as "discrete discriminatory acts" or, by contrast, whether they "are part of the same unlawful employment practice" that continued into the limitations periods. A "discrete act" within the meaning of the continuing violation doctrine is an act "that is actionable by itself." *Lapka*, 517 F.3d at 982. An act is not a "discrete act" if—like the separate indignities that together make a hostile work environment—it "do[es] not give rise to a cause of action by [itself]." *Ibid*. As the Seventh Circuit explained, "the continuing violation concept is reserved for theories of liability that depend on the cumulative impact of numerous individual acts, none of which is necessarily actionable in itself." *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007, 1012 (7th Cir. 2003).

The complaint does not bring a hostile work environment claim, and the alleged wrongful acts targeted by the District's limitations defense all qualify as discrete discriminatory acts. This is true of the District's alleged failure to provide Ammons-Lewis with a computer password and private email account. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 n.1, 127 (3d Cir. 2006) (holding that the continuing violation doctrine did not apply where the defendant employer allegedly provided the plaintiff employee with inadequate staff and resources and assigned him extra work, both of which qualified as discrete acts); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 (5th Cir. 2004) ("discrete acts such as failure to train and refused admission to

an MBA program, which are separately actionable, may not be pursued outside the relevant limitations period"); *Bernstein v. City of Atlantic City*, 2011 WL 2559369, at *5 (D.N.J. June 27, 2011) ("removal of [plaintiff's] privileges regarding the city vehicle and removal from her office to a cubicle[] are discrete acts"); *Schmidt v. U.S. Capitol Police Bd.*, __ F. Supp. 2d __, 2011 WL 5903800, at *8 (D.D.C. Nov. 28, 2011) ("the failure to grant a request for Telework [is] more accurately categorized as [a] discrete claim[]"). This also is true of the District's alleged denial of benefits to Ammons-Lewis. *See Schmidt*, 2011 WL 5903800, at *8 ("the failure to grant a request for family and medical leave … [is] more accurately categorized as [a] discrete claim[]"); *Ragsdale v. Holder*, 668 F. Supp. 2d 7, 18-20 (D.D.C. 2009) (holding that denial of a request for advance annual leave was a discrete discriminatory act); *Speer v. Mountaineer Gas Co.*, 2009 WL 2255512, at *7 (N.D. W.Va. July 28, 2009) ("denial of [long-term disability] benefits is a discrete discriminatory act"); *Jelcich v. Warner Bros., Inc.*, 1998 WL 42574, at *5 (S.D.N.Y. Feb. 4, 1998) ("[t]he decision not to offer such benefits is, indeed, a discrete, indivisible act"). The continuing violation doctrine therefore does not save from dismissal Ammons-Lewis's Title VII, § 1983, and FMLA claims to the extent they seek redress for conduct falling outside the governing limitations periods. *See Limestone Dev. Corp.*, 520 F.3d at 805.

## Conclusion

For the foregoing reasons, the District's motion to dismiss is granted. The ADA failure to accommodate claim is dismissed without prejudice. Dismissed with prejudice are the FMLA claims to the extent they turn on alleged wrongful conduct occurring before October 1, 2008; the § 1983 claims to the extent they turn on alleged wrongful conduct occurring before October 1,

2009; and the Title VII claims to the extent they turn on alleged wrongful conduct occurring before March 24, 2007.

May 17, 2012 _____
United States District Judge