UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES D. AMMONS-LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6920 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, | ) ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Delores Ammons-Lewis brought this suit against her employer, Metropolitan Water Reclamation District of Greater Chicago, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and 42 U.S.C. § 1983. On the District's motion, the court dismissed Ammons-Lewis's ADA failure to accommodate claim in its entirety and the other claims insofar as they alleged misconduct falling outside the governing statutes of limitations. 2012 WL 1802148 (May 17, 2012).

Discovery proceeded on Ammons-Lewis's surviving claims under the supervision of Magistrate Judge Keys. Docs. 13, 23, 34, 38, 44, 55-57, 62, 74. The District ultimately moved to dismiss the case for want of prosecution due to Ammons-Lewis's numerous failures to comply with her discovery obligations. Magistrate Judge Keys issued a detailed Report and Recommendation recommending that the case be dismissed for want of prosecution. Docs. 75, 76. The Report and Recommendation expressly warned Ammons-Lewis regarding the deadline for filing objections with the district judge and the consequences of failing to object:

> \*\*Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed. R. Civ. P. 72(b)(2). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Doc. 76 at 18.

The Report and Recommendation, while dated October 9, 2012, was not entered on the docket and served on the parties until the morning of October 11, 2012. Docs. 75, 76. Fourteen days from October 11 was October 25. Because the Report and Recommendation was served by electronic means, *see* Fed. R. Civ. P. 5(b)(2)(E), (b)(3), Ammons-Lewis had an additional three days to file her objections, *see* Fed. R. Civ. P. 6(d). Three days from October 25 was October 28. Because October 28 was a Sunday, the deadline for Ammons-Lewis to file her objections was October 29, a Monday that was not a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

It is now October 30, and Ammons-Lewis has not filed objections to the Report and Recommendation. The rule governing this situation is as follows: "If no party objects to the magistrate judge's action, the district judge may simply accept it. But the district judge remains the final authority in the case, and he may reconsider *sua sponte* any matter determined by a magistrate judge. Thus, although the district judge *must* make an independent determination of a magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (citation omitted). The court exercises its discretion to simply accept the Magistrate Judge's Report and Recommendation. *See Miller v. Portfolio Recovery Assocs., LLC*, 2012 WL 1714253 (C.D. Ill. May 15, 2012). That said, the circumstances of this case amply justifies the Magistrate Judge's recommended disposition.

Accordingly, the Report and Recommendation is accepted and the case is dismissed with prejudice for want of prosecution.

October 30, 2012

_____
United States District Judge