UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES D. AMMONS-LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 6920 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an employment discrimination suit by Delores Ammons-Lewis against her employer, Metropolitan Water Reclamation District of Greater Chicago. After the court dismissed some claims, 2012 WL 1802148 (N.D. Ill. May 17, 2012), the District moved to dismiss the remaining claims for want of prosecution due to Ammons-Lewis's numerous failures to comply with her discovery obligations. Magistrate Judge Keys issued a detailed Report and Recommendation recommending that the case be dismissed for want of prosecution. Docs. 75, 76. The Report and Recommendation expressly warned Ammons-Lewis regarding the deadline for filing written objections with the district judge and the consequences of failing to object before the deadline expired:

> \*\*Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed. R. Civ. P. 72(b)(2). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Doc. 76 at 18. After the deadline passed without written objections from Ammons-Lewis, and on the authority of *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009), the court adopted the Report and Recommendation and dismissed the case with prejudice for want of prosecution. 2012 WL 5356041 (N.D. Ill. Oct. 30, 2012).

One week later, Ammons-Lewis moved for leave to file objections out of time. Doc. 83. Because Ammons-Lewis did not seek an extension before the deadline for filing her objections had passed, her motion is governed by Federal Rule of Civil Procedure 6(b)(1)(B), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Ammons-Lewis offers two grounds for finding excusable neglect. Neither is persuasive.

First, Ammons-Lewis contends that her attorney's heavy workload prevented him from timely filing her objections. As the Seventh Circuit has held, "'[e]xcusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule." *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996); *see also Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) ("Hawks's assertion in his motion that his counsel was occupied with other hearings does not constitute excusable neglect.") (citing cases); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("Appellants' motion for additional time to respond … asserts as 'excusable neglect' only that appellants' counsel is a solo practitioner and was engaged in the preparation of other cases. The fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2) [the predecessor to current Rule 6(b)(1)(B)]."). And however heavy the attorney's workload might have been, he certainly could have found the time to seek an extension before the deadline had expired; this would have

given Ammons-Lewis the benefit of the more lenient standard for extensions under Rule 6(b)(1)(A) and relieved her of the obligation to show excusable neglect. *See Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) ("[B]ecause the time for the present response expired without a motion for time, the more stringent standards of Rule 6(b)(1)(B) apply. An extension under this rule can be granted only upon a showing of *both* good cause and excusable neglect. Under these circumstances, part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time."). Ammons-Lewis must bear the consequences of her attorney's failure to take that most basic step. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994) ("As the district court noted, counsel's family problems almost certainly would have been justification for an extension of filing deadlines, *if sought prospectively*. None of counsel's proffered explanations, however, amounted to a special emergency that excused his failure to notify the court (and opposing counsel) of his predicament and to ask leave of the court for additional time in which to attend to his client's pending litigation. Accordingly, the trial court acted well within the bounds of her discretion in denying Johnson's belated motion for leave to file a statement of material facts under Rule 12 N and a memorandum in opposition to Thorspring's motion for summary judgment.") (emphasis added).

Second, Ammons-Lewis contends that computer problems experienced by her attorney prevented him from timely filing her objections. Like an attorney's heavy workload, an attorney's computer problems do not establish good cause under Rule 6(b)(1)(B), at least under the present circumstances. *See ibid*. (affirming the district court's holding that excusable neglect was not present where "counsel explained that the combination of an erroneous entry in his diary, a computer glitch, a miscommunication at his office, and his mother's illness caused these

unexplained delays and absences"). Whatever computer problems Ammons-Lewis's attorney was experiencing, he at least could have filed a Rule 6(b)(1)(A) motion before the time for filing objections had expired. Indeed, the attorney filed two complaints in the Northern District of Illinois on October 30, 2012, and October 31, 2012. *See Yost v. City of Chicago*, No. 12 C 8704 (N.D. Ill. filed Oct. 30, 2012); *Villarreal v. Dart*, No. 12 C 8744 (N.D. Ill. filed Oct. 31, 2012). If the attorney's computer problems did not prevent him from drafting and filing those complaints, he surely could have filed Ammons-Lewis's objections in this case by the October 29 deadline; at a minimum, he could have filed a Rule 6(b)(1)(A) motion.

Three weeks after filing her Rule 6(b)(1)(B) motion, Ammons-Lewis filed a Rule 59(e) motion to reconsider the dismissal order. Docs. 86, 87. The motion fails on the merits. Ammons-Lewis's contention that reconsideration is warranted because she has sought leave to file tardy objections is rejected for the reasons the court denied her Rule 6(b)(1)(B) motion. Ammons-Lewis's next argument, that the court was not justified in adopting the Report and Recommendation when the deadline for filing objections passed without word from her, cannot be reconciled with *Schur v. L.A. Weight Loss Centers, Inc.*, *supra*, a case discussed in the court's dismissal order, 2012 WL 5356041, at *1. Ammons-Lewis's final argument, that the Magistrate Judge erred in recommending dismissal for want of prosecution, is besides the point. Objections to a report and recommendation, no matter how meritorious, must be timely filed. The court did not commit error when it adopted the Report and Recommendation after the deadline had passed for Ammons-Lewis to file objections. There is no basis to reconsider that decision. In any event, as the court noted in its dismissal order, "the circumstances of this case amply justify the Magistrate Judge's recommended disposition." *Ibid*.

In conclusion, faced with a Report and Recommendation recommending that the district judge dismiss her case for want of prosecution, and having been expressly warned about the consequences of failing to file timely written objections, Ammons-Lewis should have been particularly attentive to filing her objections before the deadline passed—or at least to filing a Rule 6(b)(1)(A) extension motion by that date. Ammons-Lewis's failure to do so resulted in the court's acceptance of the Report and Recommendation and dismissal of this case. The excuses advanced by Ammons-Lewis in her present motions justify neither an extension of time under Rule 6(b)(1)(B) nor reconsideration under Rule 59(e). The dismissal stands and the case remains closed.

November 30, 2012

_____
United States District Judge